FILED '06 DEC 15 13:24 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHLEEN L. MCDONALD,

    Plaintiff,

  v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

    Defendant.

Civ. No. 06-42-AA

OPINION AND ORDER

---

David B. Lowry
9900 S.W. Greenburg Road
Columbia Business Center, Suite 235
Portland, OR 97223
    Attorney for plaintiff

Karen Immergut
United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Richard M. Rodriguez
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
    Attorneys for defendant

1   - OPINION AND ORDER

AIKEN, Judge:

Plaintiff Kathleen McDonald brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the Commissioner's decision denying her applications for disability insurance benefits (DIB) and supplemental security income (SSI) benefits under Titles II and XVI of the Act. The Commissioner's decision is affirmed.

## BACKGROUND

On August 13, 1996, plaintiff protectively filed applications for DIB and SSI. Tr. 105-08, 376-79. Her applications were denied initially and on reconsideration. Tr. 86-91, 93-96. After timely requesting a hearing, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ). On June 26, 1998, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act, because she had engaged in substantial gainful activity. Tr. 406-09. Plaintiff sought review from the Appeals Council, and on June 2, 2001, the Appeals Council remanded the decision for further evaluation of plaintiff's work activity. Tr. 416-17.

Plaintiff appeared before a second ALJ, but the ALJ postponed the administrative hearing to allow for the submission of additional medical evidence, because plaintiff was to begin physical therapy. Tr. 859-67.

On October 17, 2002, plaintiff appeared before a third ALJ. The case had been reassigned to a third ALJ, because the second ALJ was on emergency leave during the week of the rescheduled hearing, and the ALJ did not want to delay the adjudication of plaintiff's claim. Plaintiff, her daughter, a friend, and a vocational expert

2   - OPINION AND ORDER

appeared and testified. Tr. 876, 940-41. However, after plaintiff testified that she was scheduled to have surgery for an anterior fusion, the ALJ adjourned the hearing to allow plaintiff to undergo the procedure and provide a complete medical record.

On May 8, 2003, plaintiff and the same vocational expert appeared and testified before the ALJ. Tr. 946-91. On November 28, 2003, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 26-49. The Appeals Council denied review, rendering the ALJ's decision the final decision of the agency. Tr. 15-17. Plaintiff now seeks judicial review.

Plaintiff was forty-one years old at the time of the ALJ's decision, with a high-school equivalent education and some college course work. Tr. 28, 165, 244. Plaintiff has past relevant work experience as a waitress, cashier, janitor, deli clerk, flagger, cook, park aid, heavy equipment operator, gas station attendant, bartender, and ranch hand. Tr. 45, 453, 942-43. Plaintiff alleges disability since August 8, 1996 due to a cervical fracture and residual pain, shoulder pain, headaches, and arm and wrist pain. Tr. 96, 115-16, 123-24.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards, and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh

3    - OPINION AND ORDER

"both the evidence that supports and detracts from the [Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). While questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardener, 452 F.2d 855, 858 n.7 (9th Cir. 1971), any negative credibility findings must be supported by findings on the record and supported by substantial evidence. Cequerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Commissioner employs a five-step sequential process to determine whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520 416.920. At step one, the ALJ found that plaintiff had engaged in "substantial gainful activity" between June and August of 1997, between April and September of 1998, and between September 1999 and July 2001. Tr. 35-36, 47; 20 C.F.R. §§ 404.1520(b), 416.920(b). Therefore, the ALJ found that plaintiff did not meet the duration requirement any

4   - OPINION AND ORDER

time before September of 1998 and between September 1999 and July 2001. Tr. 47.

At steps two and three, the ALJ found that between September 1998 and September 1999 plaintiff had medically severe physical impairments and that since July 2001, plaintiff has had medically severe physical and mental impairments, but that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Tr. 36-40; 20 C.F.R. §§ 404.1520(c) and (d), 416.920(c) and (d). Therefore, the inquiry proceeded to step four.

At step four, the Commissioner must evaluate the claimant's residual functional capacity (RFC) and determine whether the claimant can perform past relevant work. In doing so, the Commissioner must assess the sustained work-related activities the claimant can perform on a regular and continuing basis, despite the limitations imposed any impairment. 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945. If the claimant is unable to perform past relevant work, the inquiry proceeds to step five, where the burden rests with the Commissioner to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 416.920(f).

In this case, the ALJ found that plaintiff retained the RFC to perform a reduced range of light and sedentary work. Specifically, the ALJ found that plaintiff was able to lift ten pounds frequently and twenty pounds occasionally, with limited pushing and pulling, and no climbing, kneeling, crouching, crawling or squatting. Tr.

5    - OPINION AND ORDER

45. The ALJ further found that plaintiff was limited in her ability to turn or twist her neck, bend at the waist, and reach overhead. Tr. 45. Finally, the ALJ found that plaintiff could not perform complex tasks for an extended period of time and must avoid detailed, high stress activities and extensive interaction with the public. Tr. 45. Based on this RFC assessment and the testimony of a vocational expert, the ALJ found that plaintiff was able to perform her past relevant work as a gas station attendant. Tr. 46; 20 C.F.R. §§ 404.1520(e), 416.920(e).

In the alternative, the ALJ proceeded to step five. Based on plaintiff's RFC and the testimony of the vocational expert, the ALJ found that plaintiff retained the ability to perform other work as marker, bench assembly worker, and garment assembler. Tr. 46. Thus, the ALJ found that plaintiff was not disabled within the meaning of the Act.

## DISCUSSION

Plaintiff does not dispute the ALJ's findings regarding her work activities or duration of disability prior to July 2001. Rather, plaintiff argues that the ALJ erred in finding that plaintiff has not been disabled within the meaning of the Act since July 2001. Therefore, I consider only whether the ALJ erred in finding plaintiff able to perform work activity after July 2001.

### A. The ALJ Properly Evaluated Plaintiff's Testimony

Plaintiff claims that the ALJ erred in rejecting her subjective complaints of pain. Plaintiff testified that she has headaches and pain in her back and neck every day, and that her hand will cramp up when she grips something. Tr. 909-12. Plaintiff also testified that she has memory problems, frequent

6    - OPINION AND ORDER

crying spells, and bouts of vomiting. Tr. 913-14. Plaintiff also testified that pain medications affect her ability to concentrate and her mood.

When objective medical evidence supports the nature of the symptoms alleged and no evidence of malingering is found, the ALJ may reject a plaintiff's testimony regarding the severity of symptoms by identifying clear and convincing reasons supported by substantial evidence in the record. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). However, the ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991). In determining a claimant's credibility the Commissioner may consider:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

Smolen, 80 F.3d at 1284.

The ALJ found plaintiff's testimony not credible for several reasons. The ALJ found that plaintiff's activities did not correlate with her complaints. The ALJ explained that plaintiff had higher earnings in two of the years after her alleged onset date than before, that she was the sole caregiver for her disabled daughter, and that several physicians opined that plaintiff could perform some type of light work activity. Tr. 41, 512, 529, 532, 578. The ALJ also noted that a neighbor who had supported plaintiff's claim for benefits contacted the Social Security

7    - OPINION AND ORDER

Administration to recant her statements after seeing plaintiff lift 110-pound bales of hay. Tr. 41, 161. The ALJ also found that plaintiff's employers noted no limitation in her ability to perform work activity after her alleged onset date. Tr. 41, 484-88. Although plaintiff argues that the reasons cited by the ALJ do not pertain to her abilities after September of 2001, two treating physician released her to full work activity as of January 11, 2002 and January 7, 2003. Tr. 512, 564, 804.

Additionally, the ALJ noted inconsistencies in plaintiff's reporting of her past drug abuse. Tr. 36. Indeed, plaintiff failed to disclose her history of drug abuse on several occasions when seeking treatment for her pain. Tr. 502, 509, 805, 829.

The reasons given by the ALJ to discount plaintiff's subjective complaints are clear, convincing and supported by substantial evidence in the record. Therefore, I find that the ALJ provided legally sufficient reasons to support his credibility findings.

B. The ALJ Properly Evaluated the Medical Evidence

Plaintiff next argues that the ALJ committed legal error by rejecting the opinions and assessments of Drs. Bailey, Kitchel, Morris, and Powers. Again, I find no error.

The medical opinion of a claimant's treating physician is entitled to special weight and deference because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir. 1989). The ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record. See Lester v.

8   - OPINION AND ORDER

Chater, 81 F.3d 821, 830-31 (9th Cir. 1996); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with specific and legitimate reasons. Andrews, 53 F.3d at 1043.

Plaintiff maintains that the ALJ erred by rejecting Dr. Bailey's opinion that plaintiff has been disabled since August of 2001 and his functional assessment of plaintiff, both of which are contained in a questionnaire completed in November of 2002. Tr. 689-696. Plaintiff also argues that the ALJ ignored and failed to address the limitations indicated by Drs. Morris, Powers, and Kitchel.

Notably, the record contains conflicting assessments of plaintiff's physical and mental capabilities. For example, on January 22, 2001, Dr. Bailey indicated that plaintiff could sit for six hours out of eight, and stand and walk two hours out of eight. Tr. 532. He further indicated that plaintiff could not crawl or climb or lift or carry more than twenty pounds. Tr. 532. Dr. Bailey released plaintiff to work, indicating that she could work for thirty to forty hours per week. Tr. 532.

On April 4, 2001, Dr. Bailey indicated that plaintiff could sit and stand for eight hours out of eight and walk for six hours out of eight. Tr. 529. He further indicated that plaintiff could lift or carry up to fifty pounds occasionally, but that plaintiff could never squat. Tr. 529. He stated that plaintiff was released to work, and that she could work forty or more hours per week. Tr. 530.

On April 23, 2001, Dr. Bailey signed a work release that indicated plaintiff could perform sedentary work that required no

9    - OPINION AND ORDER

lifting over fifteen pounds, no twisting or bending, and no repetitive knee movements. Tr. 527. Notably, at no time in 2001 did Dr. Bailey indicate that plaintiff could perform no work. Tr. 527.

On March 2, 2002, Dr. Bailey issued an assessment indicating that plaintiff would have difficulty with pain, stamina, fatigue and pace if employed full time, but that her symptoms seldom would interfere with her attention and concentration. At the same time, Dr. Bailey further indicated that plaintiff could tolerate moderate stress, and that there was no limit on plaintiff's ability to sit for eight hours per day. On March 26, 2002, Dr. Bailey wrote a letter in which he stated that plaintiff had "no particular problems" looking for work "within her physician and mild emotional restraints." Tr. 578.

These differing assessments by Dr. Bailey largely conflict with his later statement that plaintiff has been disabled since August 2001. It is within the ALJ's authority to reconcile inconsistent medical evidence. See Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where medical testimony is conflicting . . . it is the ALJ's role to determine credibility and to resolve the conflict. . . . If the evidence admits of more than one rational interpretation, [the court] must uphold the decision of the ALJ").

Notably, plaintiff was released to full work activity by two other physicians during the time in which Dr. Bailey stated that plaintiff was disabled. On January 11, 2002, plaintiff was released to work by Dr. Walton with no restrictions. Tr. 564, 804. Likewise, Dr. Kitchel also released plaintiff to full activity on January 7, 2003. Tr. 752.

10   - OPINION AND ORDER

On May 23, 2003, Dr. Kitchel issued an assessment indicating that plaintiff would have difficult with pain and stamina if working eight hours a day, but that plaintiff was able to sit for four hours out of eight and stand and walk four hours out of eight, if plaintiff could shift positions frequently and take breaks. Tr. 835-36. Dr. Kitchel also indicated that plaintiff's pain seldom would interfere with her attention and concentration. Tr. 835. Regardless, the ALJ's determination of plaintiff's RFC included many of the limitations noted by Drs. Bailey and Kitchel. For example, the ALJ found that plaintiff must be able to alternate positions, could not climb, kneel, crouch, crawl, or squat, and that plaintiff must avoid detailed and complex instruction, extensive interaction with the public and fast-paced, high pressure tasks. Tr. 45, 700-701, 705, 835-37, 959-960. With respect to Dr. Morris, plaintiff fails to identify specific limitations imposed by him that were not considered by the ALJ.

Dr. Powell, an examining psychologist, found that plaintiff's social and occupational functioning was impaired and found marked limitations in several areas. Tr. 705-06. However, the ALJ found that Drs. Bailey and Powell specifically relied on plaintiff's subjective complaints, complaints the ALJ found not credible. A "physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'" Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (quoting Fair v. Bowen, 885 F.2d, 597 605 (9th Cir. 1989)). As explained above, the ALJ did not err in finding plaintiff's complaints less than credible.

11   - OPINION AND ORDER

Further, no other physician noted the social and occupational limitations cited by Dr. Powell, and he opined that plaintiff's cognitive abilities were not affected and that she could understand and remember verbal instructions presented during a normal workday. Tr. 746. Moreover, the vocational expert testified that a claimants with the limitations noted by Dr. Powell would remain able to perform work as a marker. Tr. 705, 970.

Therefore, given the conflicting nature of the physician's assessments, I find that the ALJ provided legally sufficient reasons to support his consideration and evaluation of the medical evidence.

## C. The ALJ Properly Evaluated the Lay Witnesses' Testimony

Plaintiff also argues that the ALJ erred in discrediting the statements of lay witnesses regarding plaintiff's limitations and daily activities. Mike Fuller, plaintiff's ex-boyfriend, testified that plaintiff experienced increased pain, had difficulty walking and performing activities with her hands, and that she had difficulty remembering things. Tr. 930-32. Brandy Staples, plaintiff's daughter, testified that plaintiff has difficulty walking because of her knees, has hand cramps and drops things, and experiences migraine headaches. Tr. 935-38.

An ALJ must consider the statements of family and friends. Smolen, 80 F.3d at 1288. "Descriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Bilby v. Schweiker, 762 F.2d 716, 719 n.3 (9th Cir. 1985)). The ALJ can reject the testimony of lay witnesses only by providing reasons

12   - OPINION AND ORDER

germane to each witness. <u>Smolen</u>, 80 F.3d at 1288.

Although the ALJ found Fuller's testimony partially credible due to plaintiff's recent knee surgeries, he found it exaggerated given the medical evidence and noted that the plaintiff's limitations reported by Fuller when she was a ranch hand were not reported by plaintiff's employer. Tr. 42. Thus, the ALJ found it questionable that plaintiff's activities were as limited as reported. With respect to Staples' testimony, the ALJ found the limitations reported to exceed those reported in the medical record. The ALJ noted that Dr. Kitchel, a treating physician, assessed plaintiff with greater capabilities and provided a full work release as of January 7, 2003. Tr. 42. <u>Lewis v. Apfel</u>, 236 F.3d 503, 511 (9th Cir. 2001) (a "germane reason" to reject lay witness testimony is that it conflicts with medical evidence). As required by <u>Smolen</u>, the ALJ gave germane reasons to discount the testimony of Fuller and Staples, and I find no error.

D. <u>Medical Expert Testimony and RFC Assessment</u>

Plaintiff next argues that the ALJ erred in failing to obtain the testimony of a medical expert to determine whether plaintiff's impairments met or equaled the listings. However, plaintiff cites no evidence to support a finding of equivalency under the listings and fails to explain how her impairments, either singly or in combination, equal a listing. Therefore, I find no error.

Plaintiff also argues that the ALJ erred in determining plaintiff's RFC, because he failed consider whether she was capable of working on a regular and continuing basis, failed to consider plaintiff's impairments that were not severe, and failed to consider all medical opinions. I disagree. As discussed above,

13   - OPINION AND ORDER

the ALJ considered the medical evidence of record along with plaintiff's impairments and their resulting limitations when determining her RFC. Tr. 36-45.

Plaintiff next argues that the hypothetical presented to the ALJ was inaccurate because it did not contain all of plaintiff's limitations. However, as discussed above, the ALJ did not error in discounting plaintiff's subjective complaints, the opinions of treating and examining physicians, and lay witness testimony. Therefore, the ALJ's hypothetical was not deficient.

E. Bias

Finally, plaintiff argues that the case should be remanded because of bias on the part of the ALJ. Plaintiff maintains that the ALJ unjustly accused plaintiff's counsel of withholding unfavorable medical evidence (which counsel argues is favorable to her), and that his comments evince prejudicial bias towards counsel that violated the due process rights of plaintiff.

Based on the limited record before the court, it is difficult to determine whether the ALJ was justified in believing plaintiff's counsel intentionally withheld documents in an attempt to mislead him. Regardless, I do not find a need to remand for further proceedings, as the ALJ's findings thoroughly considered the evidence of record and are supported by substantial evidence in the record.

///
///
///
///
///

14   - OPINION AND ORDER

## CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

Dated this 15 day of December, 2006.

/s/ Ann Aiken
Ann Aiken
United States District Judge

15  - OPINION AND ORDER